**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAUNDERS,<br><br>     Plaintiff,<br><br>v.<br><br>SHEIN DIST. CORP. *et al.*,<br><br>     Defendants. | Case No. 1:25-cv-05539 |

**DEFENDANTS' MEMORDANUDM OF LAW IN SUPPORT OF
<u>MOTION TO TRANSFER VENUE FOR CONVENIENCE AND MOTION FOR STAY</u>**

**TABLE OF CONTENTS**

I.    **BACKGROUND** ...................................................................................... 1

    A.    Introduction................................................................................... 1

    B.    Procedural History ....................................................................... 1

II.    **ARGUMENT**........................................................................................ 2

    A.    Motion for Transfer...................................................................... 2

            *i.*    *Legal Standard for Convenience Transfer under 28 U.S.C. § 1404(a)* ............................................................................ 2

            *ii.*    *This Case "Could Have Been Brought" in the Central District of California.* ........................................................... 3

            *iii.*    *All Factors Favor Transfer to the Central District of California.* ............................................................................. 4

            *iv.*    *No Factors Weigh Toward Southern District of New York.* .......................... 6

    B.    Motion for Stay Pending Adjudication of Transfer Motion.................................... 7

            *i.*    *Legal Standard for Motion for Temporary Stay*......................................... 7

            *ii.*    *All Factors Favor Temporary Stay Pending Adjudication of the Transfer Motion.* ...................................................... 8

III.    **CONCLUSION** .................................................................................. 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple, Inc.*,
    602 F.3d at 913 ...............................................................................................................7

*Atl. Recording Corp. v. Project Playlist, Inc.*,
    603 F. Supp. 2d 690 (S.D.N.Y. 2009)...............................................................................5

*City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*,
    No. 13 Civ. 5158, 2013 WL 5656086 (S.D.N.Y. Oct. 9, 2013) ......................................3

*Coker v. Bank of America*,
    984 F.Supp. 757 (S.D.N.Y.1997)......................................................................................7

*In re Collins & Aikman Corp. Sec. Litig.*,
    438 F. Supp. 2d 392 (S.D.N.Y. 2006)............................................................................3, 4

*Fransway v. BAC Home Loan Servicing, LLP*,
    No. 13 CIV. 5393 AT, 2014 WL 1383260 (S.D.N.Y. Apr. 2, 2014) (Torres, J.).....................6

*Greenky v. Irving Music, Inc.*,
    No. 80 CIV. 2776(GLG), 1981 WL 1370 (S.D.N.Y. July 13, 1981) .......................................3

*Kappel v. Comfort*,
    914 F. Supp. 1056 (S.D.N.Y. 1996)..................................................................................7

*McGraw-Hill Companies Inc. v. Jones*,
    No. 12-CV-7085 AJN, 2014 WL 988607 (S.D.N.Y. Mar. 12, 2014)......................................5

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
    599 F.3d 102 (2d Cir. 2010)..............................................................................................3

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009)..........................................................................................7

*Nipponkoa Ins. Co. v. Ceva Logistics, U.S., Inc.*,
    No. 11 Civ. 9040, 2012 WL 2550278 (S.D.N.Y. July 2, 2012) ...............................................6

*Nosirrah Mgmt., LLC v. EVmo, Inc.*,
    No. 21 CIV. 10529 (AT), 2023 WL 35028 (S.D.N.Y. Jan. 4, 2023) (Torres, J.) .................4, 6

*Pfaff v. Denver Art Museum*,
    No. 94 CIV. 9271 (JSM), 1995 WL 373489 (S.D.N.Y. June 22, 1995)..................................3

*Reiffin v. Microsoft Corp.*,
    104 F. Supp. 2d 48 (D. D.C. 2000) ............................................................................................7

*Sharp Shirter, Inc. v. JD E-Commerce America Ltd.*,
    Case 6:24-cv-06600 (DKT 1 Compl., ) ...................................................................................2, 5

*Standard Triumph Motor Co. v. U.S. Lines Co.*,
    192 F.Supp. 618 (S.D.N.Y.1961)...............................................................................................7

## I.    BACKGROUND

### A.    Introduction

There is no good reason for this case to proceed in this venue. There are no parties in New York. There are no witnesses in New York. There is no relevant conduct that happened in New York. Conversely, two of the Defendants are located in the Central District of California (the other is located in Singapore), Defendants' *and* Plaintiff's witnesses are located in or nearer to the Central District of California (the remaining witnesses are international), and the operative facts in this case are either within the Central District of California or are international.

Defendants respectfully submit that Plaintiff's choice of venue amounts to no more than convenience for Plaintiff's counsel, to the detriment of every other consideration in the transfer analysis. With no ties to this District, and for reasons of judicial economy and convenience for all parties (including Plaintiff's witnesses), Defendants respectfully request that the Court grants their Motion to transfer this case to the Central District of California.

### B.    Procedural History

The complaint in this case was filed on July 3, 2025. ECF No. 1. The venue allegations in the complaint are sparse. *See* ECF No. 1 ("Compl."). The Complaint alleges that "[v]enue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, and Defendants are subject to personal jurisdiction in this district." *Id.* at ¶ 4. But what particular "events giving rise to the claims" or "infringement" that purportedly occurred in this judicial district are never articulated in the complaint. *See id.*

For example, the Complaint alleges that Shein conducts business in the State of New York but does not allege that any Defendant has an office in New York or that any business Shein conducted in New York gives rise to Plaintiff's claims or relates to the alleged infringement. *Id.* at

1

¶¶ 10-12. Rather, the Complaint alleges that "Shein hosts frequent retail events in New York City" and proceeds to allege that Shein held a total of three public relations pop-up events in New York over a span of seven years. *Id.* at ¶ 13. But none of these three public relations events are alleged to concern the alleged infringement. *Id.* Thus, there are no New York events centric to this case.

All other allegations in the Complaint point *away* from New York. The Complaint incorrectly alleges that all Defendants are headquartered and have a principal place of business in Singapore. *Id.* at ¶¶ 10-12. Only Defendant Roadget is a Singaporean company with an office in Singapore. Defendants SDC and SHUS are both incorporated in Delaware and headquartered in Los Angeles, California. Even Plaintiff is not in New York—the complaint does not allege where Mr. Saunders resides, but states that he is "from Trinidad and Tobago." *Id.* at ¶ 6. Presumably, Plaintiff's principal witnesses will be: (1) Gerrell Saunders, the Plaintiff who is from Trinidad and Tobago (Compl. ¶ 6); and (2) Daniel Lachman, the copyright registrant for all asserted works (ECF No. 1-2.) Daniel Lachman resides in San Diego (much nearer to the C.D. Cal. than to S.D.N.Y.) and is the principal of Sharp Shirter, Inc. (a Maryland corporation). *Sharp Shirter, Inc. v. JD E-Commerce America Ltd.*, Case 6:24-cv-06600 (Compl. ¶ 228).[1]

## II.    ARGUMENT

### A.  Motion for Transfer

#### i.    *Legal Standard for Convenience Transfer under 28 U.S.C. § 1404(a)*

Under 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court performs a two-part inquiry when determining if

---

[1] *See* Fed.R.Evid. 201(b) (authorizing a court to take judicial notice of an adjudicative fact if that fact is "not subject to reasonable dispute" or if it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned").

transfer is appropriate. First, the court determines if the action is one that "might have been brought in the transferee court." *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (internal quotation marks omitted). Then, the court evaluates whether transfer is appropriate based on the "convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting out factors for § 1404(a) analysis).

"In deciding a motion to transfer, courts commonly consider factors such as: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *City of Sterling Heights Police & Fire Ret. Sys. v. Kohl's Corp.*, No. 13 Civ. 5158, 2013 WL 5656086, at *1 (S.D.N.Y. Oct. 9, 2013).

   ii.  *This Case "Could Have Been Brought" in the Central District of California.*

This litigation could have been brought in the Central District of California. Plaintiff should not dispute this—by Plaintiff's own allegations, two of the Defendants are headquartered in the Central District of California and the third is headquartered in Singapore. Compl. ¶¶ 10-12; *see* 28 U.S.C. § 1400(a) (in copyright cases, venue is proper in any federal judicial district where a defendant resides or "may be found"). For domestic defendants, "[a] defendant 'may be found' wherever he is amenable to personal jurisdiction." *Greenky v. Irving Music, Inc.*, No. 80 CIV. 2776(GLG), 1981 WL 1370, at *1 (S.D.N.Y. July 13, 1981). "A foreign corporation 'may be found' in any district in which it is subject to personal jurisdiction, so that venue and jurisdiction are coextensive." *Pfaff v. Denver Art Museum*, No. 94 CIV. 9271 (JSM), 1995 WL 373489, at *3

3

(S.D.N.Y. June 22, 1995) (citation omitted). Because Defendants (other than Roadget) are headquartered in the Central District of California, by virtue of these allegations and no others, the events or omissions giving rise to the claim occurred in this district. As such, this case "could have been brought" in the Central District of California.

### iii. All Factors Favor Transfer to the Central District of California.

The Court should transfer this case to the Central District of California because all factors weigh in favor of transfer (or are neutral[2]), including plaintiff's choice of forum, the convenience of the witnesses and parties, the locus of operative facts, and the interests of justice.

### 1. Plaintiff's Choice of Forum

Although a plaintiff's choice of forum is generally entitled to "significant weight," the plaintiff's choice receives less deference when the chosen forum is not the plaintiff's home district, and when there is no "material connection" between the chosen forum and the events underlying the claim. *Nosirrah Mgmt., LLC v. EVmo, Inc.*, No. 21 CIV. 10529 (AT), 2023 WL 35028, at *3 (S.D.N.Y. Jan. 4, 2023) (Torres, J.) (internal citations omitted). Here, it is undisputed that Mr. Saunders does not reside in New York; the Complaint does not even allege where Plaintiff resides, but states he is "from Trinidad and Tobago." Compl. ¶ 6. And the operative facts also have no connection with New York. *See infra*.

### 2. Convenience of Parties and Witnesses

Courts typically regard the convenience of witnesses as the most important factor in any transfer analysis. *Nosirrah*, 2023 WL 35028, at *3 (citation omitted). The convenience of the parties and witnesses favors transfer to the Central District of California. Plaintiff Saunders does

---

[2] Several factors are, at most, neutral as between the two districts here being considered. Both this Court and the Central District of California are well-versed in the federal copyright laws. *See In re Collins*, 438 F. Supp. 2d at 399. There is no reason to think that the availability of process will be a factor at trial. Nor is there any reason to evaluate the parties' relative means.

not reside in New York, but is from Trinidad and Tobago. Compl. ¶ 6. Defendants are either Delaware corporations with a principal place of business in the Central District of California or are foreign corporations with a principal place of business overseas. Presumably, Plaintiff's principal witnesses will be: (1) Plaintiff himself, who is from Trinidad and Tobago (*id.* at ¶ 6); and (2) Daniel Lachman, the copyright registrant for all asserted works (ECF No. 1-2). Daniel Lachman resides in San Diego (much nearer to the C.D. Cal. than to S.D.N.Y.) and is the principal of Sharp Shirter, Inc. (a Maryland corporation). *Sharp Shirter, Inc. v. JD E-Commerce America Ltd.*, Case 6:24-cv-06600 (Compl. ¶ 228). In addition, since Defendants' principal offices are in Los Angeles or Singapore, Defendants' potential witnesses are located in the Central District of California or overseas. Thus, transferring this case to the Central District of California would be more convenient for every witness located in the United States.

### 3. *Locus of Operative Facts and Access to Documents and Proofs*

The operative facts in this case are either within the Central District of California or are overseas because the alleged infringements were allegedly conceived of, created, and made there by Defendants. *See, e.g., Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690 (S.D.N.Y. 2009) ("When considering whether to transfer venue in a copyright infringement action, one locus of operative facts is the place where the allegedly-infringing product was designed and developed."); *McGraw-Hill Companies Inc. v. Jones*, No. 12-CV-7085 AJN, 2014 WL 988607, at *6 (S.D.N.Y. Mar. 12, 2014) ("[I]n cases of copyright infringement, the operative facts typically relate to the design, development, and production of an infringing product, suggesting the locus of operative facts is in the Western District of Kentucky, where the [Defendant] operated.").

As alleged, a material portion of the alleged infringing acts took place in California. *See* Compl. ¶¶ 25, 27-29, 31, 35, 39-41, 63-66. Therefore, although "[t]his Court cannot say with

5

certainty that [California] is the only locus of operative facts giving rise to this action, [ ] certainly a substantial portion of the acts and omissions in dispute occurred [there]," and, therefore, this factor favors transfer. *Nipponkoa Ins. Co. v. Ceva Logistics, U.S., Inc.*, No. 11 Civ. 9040, 2012 WL 2550278, at *3 (S.D.N.Y. July 2, 2012).

### 4. *Trial Efficiency and Interests of Justice*

Transfer to the Central District of California would also promote judicial economy and the interests of justice. As this Court previously recognized, judicial economy is served by transferring out of the present district where there is no connection, and the parties, witnesses, evidence, and locus of facts are located elsewhere. *Fransway v. BAC Home Loan Servicing, LLP*, No. 13 CIV. 5393 AT, 2014 WL 1383260, at *2 (S.D.N.Y. Apr. 2, 2014) (Torres, J.). This case has also not even begun. Thus, transfer at this stage of litigation would not waste judicial or party resources.

In sum, while no one factor is dispositive, it is clear that each of the relevant factors favors transfer. It is for these reasons that this Court should grant Defendants' motion to transfer venue.

### iv. *No Factors Weigh Toward Southern District of New York.*

The Southern District of New York, on the other hand, has no connection to this dispute. The only connection between this dispute and this district is the bar admission of Plaintiff's lead counsel. Although a plaintiff's choice of forum is ordinarily entitled to "significant weight," the plaintiff's choice receives less deference when the chosen forum is not the plaintiff's home district, and when there is no "material connection" between the chosen forum and the events underlying the claim. *Nosirrah*, 2023 WL 35028, at *3 (S.D.N.Y. Jan. 4, 2023) (Torres, J.) (internal citations omitted). Under such circumstances, judicial economy is not served by refusing transfer. *Fransway*, 2014 WL 1383260, at *2 (S.D.N.Y. Apr. 2, 2014) (Torres, J.). In fact, the denial of a motion to transfer venue from the forum selected by a plaintiff would be deemed an abuse of discretion where none of the parties, including the plaintiff, resided in that forum, were

6

incorporated in, or had offices in that forum, no witnesses resided in the chosen forum, and no evidence was located there. *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). Convenience of attorneys (as opposed to the parties themselves) is afforded "little weight" in the venue analysis. *Coker v. Bank of America*, 984 F.Supp. 757, 767 (S.D.N.Y.1997); *see also Standard Triumph Motor Co. v. U.S. Lines Co.*, 192 F.Supp. 618, 619 (S.D.N.Y.1961) ("[I]t is 'the convenience of parties and witnesses'—and not that of attorneys which is the significant factor.").

Here, it is undisputed that Plaintiff does not reside in New York; Defendants are neither incorporated here nor have a principal place of business here; and none of the witnesses are located in New York, let alone this district. Accordingly, for these reasons alone, there is a very strong legal basis for transfer. *See In re Apple, Inc.*, 602 F.3d at 913; *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 53, fn. 12 (D. D.C. 2000); *In re Nintendo Co., Ltd.*, 589 F.3d at 1198. And, as stated above, lead counsel's location is afforded "little weight" in the venue analysis. *See infra.* Thus, this factor, too, weighs in favor of transfer. It is also worth noting that, as evidenced by the footer on the Complaint, SRip Law (Plaintiff's counsel) has offices located in Beverly Hills, California, so Mr. Rothman's personal convenience should be afforded no weight.

B. Motion for Stay Pending Adjudication of Transfer Motion

i. *Legal Standard for Motion for Temporary Stay*

In the interim of deciding the motion to transfer, Defendants also seek a temporary stay of the proceedings. In deciding whether to exercise their inherent powers in granting a stay, courts look to several factors, including (1) the interests of the plaintiffs in proceeding expeditiously balanced against the prejudice to plaintiffs if delayed, (2) the private interests of, and the burden on, the defendants, (3) the interests of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

7

*ii.    All Factors Favor Temporary Stay Pending Adjudication of the Transfer Motion.*

Here, the applicable factors weigh in favor of the issuance of a temporary stay of proceedings pending resolution of the venue transfer motion. First, because this case is in its early stages, and there having been no substantive filings save the Complaint, the motion and a temporary stay would result in negligible, if any, prejudice to Plaintiff. Second, both the Court and the parties would be best served by the resolution of the venue transfer motion before proceeding further in this Court. The requested stay would promote efficiency by avoiding the initiation of proceedings which may have to be revisited in the event transfer is granted. In addition, the parties would benefit from having certainty as to the federal case precedent and local rules which may govern future motions practice (including the motion(s) to dismiss). In this case, dispositive issues will be decided as early as the motion to dismiss stage, at which time the adjudicating court will be tasked with determining whether dismissal of this action is warranted. Finally, at this early stage of this litigation, neither the public interest nor the interests of persons not parties to this case would be prejudiced by a temporary stay.

As alluded to in Plaintiff's letter (ECF No. 20), Defendants' request for a stay includes all deadlines associated with responding to the Complaint and filing a joint Case Management Plan and Scheduling Order.

## III.    CONCLUSION

For all of the reasons provided herein, Defendants request that this Court grant this Motion, transferring this case to the Central District of California and staying all proceedings until the Motion for Transfer is decided.

**Date:** October 1, 2025

**Respectfully submitted by,**
*/s/ Deana S. Stein*
Deana S. Stein (DS5047)
**BENESCH, FRIEDLANDER,
  COPLAN & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Email: dstein@beneschlaw.com
Tel: 216.363.6170

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2025, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the Southern District of New York by using the CM/ECF system.

*/s/ Deana S. Stein*

Deana S. Stein

*Counsel for Defendants*

10